# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| WALTER LIGON and VICKI-LYNN LIGON,<br><br>        Plaintiffs,<br>    v.<br><br>JP MORGAN CHASE BANK, et al.,<br><br>        Defendants.<br>_____/ | No. C 11-2504 MEJ<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS**<br><br>**(Docket No. 4)** |

## I. INTRODUCTION

Presently before the Court is Defendants JP Morgan Chase Bank, N.A., California Reconveyance Company, and Mortgage Electronic Registration Systems, Inc.'s ("Defendants") motion to dismiss Plaintiffs Walter Ligon and Vicki-Lynn Ligon's ("Plaintiffs") Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Because it finds this matter suitable for disposition without oral argument, the Court VACATES the July 7, 2011 hearing. Civil Local Rule 7-1(b). After reviewing Plaintiffs' Complaint and carefully considering the arguments raised in the parties' briefs, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' federal Fair Debt Collection Practice Act claim, 15 U.S.C. § 1692. Because dismissal of this claim divests the Court of subject matter jurisdiction over the case, the Court declines to address the parties' other arguments and **REMANDS** this case to state court for all further proceedings.

## II. BACKGROUND

The relevant facts, taken from Plaintiffs' Complaint and the documents attached to

Defendants' Requests for Judicial Notice ("RJN"),[1] are as follows.

On March 19, 2007, Plaintiffs obtained an Adjustable Rate Mortgage loan in the amount of $784,000.00, secured by the property located at 101 Palmer Street, San Ramon, California ("the Subject Property"). Compl. ¶¶ 4, 7, Not. of Removal Ex. A, Dkt. No. 1; RJN Ex. 1, Dkt. No. 5. The loan was secured by a deed of trust encumbering the Subject Property that was recorded on March 23, 2007, with the Contra Costa County Official Records as instrument number 2007-0084993-00. RJN Ex. 1. The deed of trust identifies Lydian Mortgage, a Division of Lydian Private Bank, as the lender, Defendant Mortgage Electronic Registration Systems Inc. ("MERS") as beneficiary, Old Republic Title Company as Trustee, and Plaintiffs as borrowers. *Id.*

On April 30, 2009, an Assignment of Deed of Trust, assigning the beneficial interest to Defendant JP Morgan Chase Bank ("Chase"), was recorded with the Contra Costa County Official Records as instrument number 2009-0095928-00. *Id.* at Ex. 2. On the same date, a Substitution of Trustee, whereby Defendant California Reconveyance Company ("CRC") was substituted in as trustee under the deed of trust, was recorded with the Contra Costa County Official Records as instrument number 2009-0095929-00. *Id.* at Ex. 3.

On April 30, 2009, as a result of Plaintiffs' default on the loan, a Notice of Default and Election to Sell Under Deed of Trust was filed against the Subject Property, indicating that Plaintiffs

---

[1] Defendants have requested that the Court take judicial notice of the following documents: (1) Deed of Trust recorded on or about March 23, 2007 with the Contra Costa Recorder's Office as instrument number 2007-0084993-00; (2) Assignment of Deed of Trust recorded on or about April 30, 2009 with the Contra Costa County Recorder's Office as instrument number 2009-0095928-00; (3) Substitution of Trustee recorded on or about April 30, 2009 with the Contra Costa County Recorder's Office as instrument number 2009-0095929-00; Notice of Default recorded on or about April 30, 2009 with the Contra Costa County Recorder's Office as instrument number 2009-0095930-00; and a Notice of Trustee's Sale recorded on or about April 4, 2011 with the Contra Costa County Recorder's Office as instrument number 2011-0068261-00. Dkt. No. 5.

The Court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Because each of the exhibits are public records, the court may properly take judicial notice of the undisputable facts contained in the documents. *See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201(b). Accordingly, the Court **GRANTS** Defendants' Requests for Judicial Notice.

2

were $14,097.25 in arrears as of that date. *Id.* at Ex. 4. Thereafter, on April 4, 2011, a Notice of Trustee's Sale was recorded with the Contra Costa County Official Records as instrument number 2011-0068261-00. *Id.* at Ex. 5.

Plaintiffs subsequently filed the present Complaint on April 25, 2011 in the Contra Costa County Superior Court. Not. of Removal Ex. A, Dkt. No. 1. In their Complaint, Plaintiffs allege that they never received actual notice of the Notice of Default, and that they were actively engaged in a process to determine whether they were eligible for a loan modification program offered by Chase. Compl. ¶ 11. Plaintiffs further allege that they were "lulled by Chase into a belief that no foreclosure of the Subject Property would take place or was even contemplated during the period during which Plaintiffs request for a loan modification was being reviewed by Chase." *Id.* Plaintiffs contend that Defendants are estopped from foreclosing on the Subject Property and that MERS lacks any authority to act as a beneficiary under a deed of trust or to initiate foreclosure proceedings as a beneificiary. They seek: (1) declaratory relief that they did not breach their obligations and that Defendants are estopped from conducting a foreclosure sale of the Subject Property; (2) injunctive relief prohibiting the foreclosure sale; (3) an accounting of the amount of money Plaintiffs owe to Defendants; and (4) damages under the Federal Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

On May 23, 2011, Defendants removed the case to this Court, asserting that federal question jurisdiction exists under 28 U.S.C. § 1331, because Plaintiffs allege violations of the FDCPA. Not. of Removal at 2.

On May 31, 2011, Defendants filed their Motion to Dismiss. Dkt. No. 4. On June 16, 2011, Plaintiffs filed their Opposition. Dkt. No. 8. Defendants filed their Reply on June 23, 2011. Dkt. No. 10. After carefully reviewing the pleadings and the parties' briefs, the Court now rules as follows.

### III. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic*

3

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## IV.  DISCUSSION

Because the Court's jurisdiction over this case hinges on the presence of an actionable federal claim, the Court turns to Plaintiffs' FDCPA claim first. Plaintiffs bring this claim against CRC only. Compl. at 12. Plaintiffs allege that CRC is a debt collector in that it was retained by the owner of the debt after Plaintiff's allegedly defaulted, and was retained for the specific purpose of collecting the unpaid balance. *Id.* at 12-13. Plaintiffs allege that CRC failed to provide a Debt Validation Notice prior to recording its Notice of Default or otherwise commencing its debt collection activities. *Id.* at 13.

In their motion, Defendants argue that the FDCPA has no application to the actions taken in connection with the foreclosure of the Subject Property because the activity of foreclosing upon a

4

property is not a collection of a debt. Defs.' Mot. at 10.

The FDCPA prohibits "debt collectors" from engaging in various unlawful debt collection practices. 15 U.S.C. §§ 1692a & 1692e. A "debt collector" includes any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). A "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id.* § 1692a(5).

Though the Ninth Circuit has not yet decided whether the FDCPA applies to a non-judicial foreclosure, courts within this Circuit have concluded that it does not constitute "debt collection" under the FDCPA. *See, e.g., Aniel v. EMC Mortg. Corp.*, 2011 WL 835879, at *5 (N.D. Cal. Mar. 4, 2011); *Hanaway v. JPMorgan Chase Bank*, 2011 WL 672559, at *4 (C.D. Cal. Feb. 15, 2011) ("Since a transfer in interest is the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA."); *Aniel v. T.D. Serv. Co.*, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010) ("allegations relating to the FDCPA claim relate to foreclosure proceedings and courts throughout this circuit have concluded that foreclosure does not constitute 'debt collection' under the FDCPA"); *Deissner v. Mortgage Elec. Regis. Sys.*, 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009) ("the activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA."), *aff'd*, 2010 WL 2464899 (9th Cir. Jun.17, 2010) (internal quotations omitted); *Landayan v. Wash. Mutual Bank*, 2009 WL 3047238, at * 3 (N.D. Cal. Sept. 18, 2009) ("A claim cannot arise under FDCPA based upon the lender enforcing its security interest under the subject deed of a trust because foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the FDCPA") (citing *Maguire v. Citicorp. Retail Svcs., Inc.*, 147 F.3d 232, 236 (2d Cir. 1998) and *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).

Based on the allegations above, the Court finds that Plaintiffs have not established that any named defendant engaged in "debt collection practices" under the FDCPA. Plaintiff alleges that

Defendants' debt collection practice violation was CRC's failure to provide a Debt Validation Notice. However, CRC is the trustee under the deed of trust, and is thus not considered a debt collector under the FDCPA. *See Khast v. Washington Mut. Bank*, 2011 WL 940792, at *3-4 (S.D. Cal. Mar. 16, 2011); *Lal v. Am. Home Serv., Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) ("The law is well settled that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt."); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009) ("[M]ortgagees and their assignees, servicing companies, and trustee fiduciaries are not included in the definition of 'debt collector.' "). Thus, because foreclosure is not a debt collection practice under the FDCPA, Plaintiffs cannot state a claim under the FDCPA as a matter of law. Accordingly, the Court GRANTS Defendants' motion to dismiss as to Plaintiffs' FDCPA claim.

Because subject matter jurisdiction in this case is premised on federal question jurisdiction and Plaintiffs' federal claim is subject to dismissal, there is no longer any basis to support continued jurisdiction over this matter.[2] The Court therefore declines to address Defendants' remaining challenges.

## V.  CONCLUSION

Based on the analysis above, the Court hereby **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' FDCPA claim. Because dismissal of these claims extinguishes the basis for the Court's subject matter jurisdiction over this case, the Court declines to exercise supplemental jurisdiction over the remaining state claims and **REMANDS** the action to Contra Costa County Superior Court for all further proceedings.

**IT IS SO ORDERED.**

Dated: June 27, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

---

[2] Although Defendants address the federal Declaratory Judgment Act, 28 U.S.C. § 2201, in their motion, no such claim is present in Plaintiffs' Complaint.